G. LLINAS & Co. *S. en C.*, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 931. Submitted November 5, 1934.—Decided December 14, 1934.

L. *López de Victoria* for appellant. The registrar appeared by brief. *F. Parra Capó* as *amicus curiae*.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

A registrar of property refused to record a contract for agricultural advances on the ground that the crops in question were already subject to a previously recorded lien. This, we think was not a sufficient ground for such refusal. The contract should have been recorded, subject to the pre-existing lien, or at least subject to the result of the previous entry whatever that result might be.

We quite agree with appellant that the previously recorded contract was not a contract for agricultural advances. Perhaps it should not have been recorded in the registry established by the law governing contracts for agricultural advances. The fact remains that it was recorded, whether rightly or wrongly, and we need not stop to consider the effectiveness or ineffectiveness of the entry in connection with the question of constructive notice. If constructive notice was thereby given to all persons who might thereafter contemplate the financing of the future crops covered by such lien, this, as we have said, furnishes no excuse for the registrar's refusal to record a subsequent contract for agricultural advances. If there was no constructive notice as a result of the previous entry, then there is not even the semblance of any excuse or reason for such refusal.

The prior lien had been created to secure the payment of interest on a certain mortgage. The mortgagees had consented to a postponement of this mortgage in order to enable the mortgagors to obtain a loan from the United States

through the Porto Rico Hurricane Relief Commission. The mortgagors had agreed to deliver all coffee produced during each of a number of years to the mortgagees, or to any person, firm or corporation designated by them, to be sold by the mortgagees or under their direction and supervision. The proceeds of the sale after deducting expenses were to be applied to the payment of interest on the mortgage and the balance, if any, returned to the mortgagors. The mortgagees insist that this amounted to a sale of the coffee which was to be so delivered. We cannot concur in this view. The lien itself was contingent upon success in obtaining the federal loan. The agreement to deliver, like the lien itself, was intended only to secure the payment of interest on the mortgage. The contract was simply a chattel mortgage to secure the payment of interest or another mortgage and was not converted into a sale by virtue of the agreement to deliver the crops when harvested in the event of nonpayment of such interest.

The fact that the subsequent contract for agricultural advances also provides° for delivery of the same crops already covered by the preexisting lien does not alter the situation. This like the rest of the later agreement (assuming the effectiveness of the previous entry as constructive notice) would, of course, be subject to the recorded right of the mortgagees under the terms of their chattel mortgage. If the loan has not been obtained, or is not obtained, from the Porto Rico Hurricane Relief Commission, or if the interest secured by the chattel mortgage shall be paid, the chattel mortgage will cease to be a source of embarrassment to subsequent creditors. In any event, if Llinás & Company are willing to make agricultural advances with their eyes open to whatever risk may be involved in the transaction, they are entitled to have their contract for agricultural advances recorded subject to the rights of the owners of the previously recorded chattel mortgage.

However debatable the question of constructive notice may be, Llinás & Company are still entitled *a fortiori* to have their contract recorded subject to whatever right the mortgagees may have as a result of the previous entry.

The ruling appealed from must be reversed.